On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

AMERICAN SQUIRREL TAIL CO. *v.* UNITED STATES

**No. 7031.**—Invoice dated London, England, May 2, 1946.
Certified May 6, 1946.
Entered at New York, N. Y., May 21, 1946
Entry No. 762025.

(Decided March 18, 1947)

*John D. Rode* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

EKWALL, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

GIMBEL BROS., INC., ET AL. *v.* UNITED STATES

**No. 7032.**—Invoices dated London, England, May 22, 1941, etc.
Certified May 27, 1941, etc.
Entered at New York, N. Y., June 28, 1941, etc
Entry No. 771221, etc.

(Decided March 18, 1947)

*Fred Bennett* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of

the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

FRANKLIN SIMON & CO. *v.* UNITED STATES

**No. 7033.**—Invoices dated Northampton, England, September 11, 1941, etc.
Certified September 13, 1941, etc.
Entered at New York, N. Y., October 17, 1941, etc.
Entry No. 720178, etc.

(Decided March 18, 1947)

*Lane & Wallace* and *Lane, Young & Fox* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

LEO ELWYN & CO., INC., ET AL. *v.* UNITED STATES

**No. 7034.**—Invoices dated London, England, July 31, 1941, etc.
Certified August 1, 1941, etc.
Entered at New York, N. Y., September 11, 1941, etc.
Entry No. 713609, etc.

(Decided March 18, 1947)

*Strauss & Hedges (Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.